IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CR. No. C-01-237 (1) |
| V. | § | |
| | § | |
| JOSE A. GONZALEZ-GAMEZ, | § | |
| | § | |
| Defendant/Movant. | § | |

### ORDER DENYING MOTION FOR RECALL OF MANDATE

By order and final judgment entered July 30, 2004, the Court denied Jose A. Gonzalez-Gamez's ("Gonzalez") first motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 43, 44.)[1]  The Court also sua sponte denied Gonzalez a Certificate of Appealability. (D.E. 43.)  Gonzalez timely appealed and the Court granted him leave to appeal *in forma* pauperis. (D.E. 45, 46.)  In an order issued March 1, 2005, the Fifth Circuit denied Gonzalez a Certificate of Appealability. (D.E. 50.)

More than two years later, on August 30, 2007, the Clerk received from Gonzalez a motion titled as a "Motion for Recall of Mandate Affirming Petitioner's Conviction and Sentence." (D.E. 52.) In it, he claims that, based on a "significant change in law that has occurred" since his original sentence and conviction were affirmed, the Fifth Circuit should recall its mandate.

Although he filed his motion with this Court, it does not appear that Gonzalez is seeking any relief from this Court. Instead, he appears to be asking for relief from the Fifth Circuit. Specifically, he requests that the appellate court recall its mandate in his criminal case. Of course, this Court is

---

[1]  Docket entries refer to the criminal case, Cr. 01-237.

1

without authority to alter the mandate of an appellate court. Thus, to the extent he is asking this Court for such relief, his motion is DENIED WITHOUT PREJUDICE to his ability to re-file his motion before the Fifth Circuit.

Additionally, although he asks for a recall of the appellate Court's mandate, his motion essentially challenges his conviction and sentence, and is thus properly construed as a motion pursuant to 28 U.S.C. § 2255. So construed, however, the motion is a second or successive motion and is not properly before this Court.

In pertinent part, 28 U.S.C. § 2255 provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

In accordance with the above, Gonzalez was required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). His motion does not indicate that he has sought or obtained such permission. Until he does so, this Court does not have

jurisdiction over his motion, if construed as a § 2255 motion.[2]  Accordingly, the motion is DISMISSED FOR LACK OF JURISDICTION.

## CONCLUSION

For the foregoing reasons, Gonzalez's motion for a recall of mandate is DENIED WITHOUT PREJUDICE insofar as it requests that this Court recall the mandate of the Fifth Circuit in his criminal case. To the extent that his motion is properly construed as a § 2255 motion, it is DISMISSED FOR LACK OF JURISDICTION.

It is so ORDERED this 4th day of September, 2007.

_____
Janis Graham Jack
United States District Judge

---

[2] Because this Court does not have jurisdiction over Gonzalez's motion, the Court does not address Gonzalez's argument that the Supreme Court's decision in Cunningham v. California, __ U.S. __, 127 S. Ct. 856 (2007), constitutes a retroactive new rule of law sufficient to allow a second § 2255 motion. But see, e.g., Morales v. United States, 2007 WL 1412338, *6-*7 (S.D.N.Y. May 11, 2007) (describing background and holding of Cunningham and rejecting argument by § 2255 movant that Cunningham constituted a new rule of law). If Gonzalez chooses to file a motion before the Fifth Circuit, he may raise his Cunningham arguments again before that court.